IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

*IN RE HAGUE CHILD ABDUCTION APPLICATION*

CARLOS FABIAN ALMAGUER ARGUELLES,      )
                                       )
              Petitioner,              )          Civil Action No. 08-2030-CM
vs.                                    )
                                       )
ERIKA MERCEDES GASPAR VASQUEZ,         )
                                       )
              Respondent.              )

## ORDER

This matter comes before the court upon Petitioner's Motion to Reopen Evidence (Doc. 24). Respondent had filed a response in opposition (Doc. 25) to which Petitioner has filed a reply (Doc. 29).[1] This matter is thus fully briefed and ready for disposition.

**Parties' Contentions**

Petitioner claims that he has "discovered new information regarding the testimony" of Petitioner that "goes to [her] credibility."[2] Petitioner's reply brief explains only that Petitioner "has received physical evidence that Respondent perjured herself while testifying in this matter."[3] However, Petitioner fails to state what this new evidence is or in what way it would cast doubt as to Petitioner's testimony regarding the material facts in this matter.

In turn, Respondent argues that Petitioner has failed to indicate that this "new evidence" was unavailable to him at the time of the hearing, or that he exercised due diligence in obtaining this new

---

[1]Petitioner titles his brief a Surreply, but it is actually a reply brief in support of his own motion.

[2]Motion (Doc. 24) at p. 1.

[3]Reply (Doc. 29) at p. 1.

evidence, or how Petitioner would be prejudiced if the court does not allow permit this new evidence.

**Standard**

In *United States v. Eszpinoza*, the Tenth Circuit considered the following facts when determining whether the district court had abused its discretion in denying a motion to reopen evidence:

> (1) the timeliness of the motion, (2) the character of the testimony, (3) the effect of granting the motion, (4) the reasonableness of the excuse for failing to present the evidence prior to resting, and (5) whether belated receipt of the evidence would mark it with distorted importance, prejudice the other party's case, or preclude the other party from adequately addressing it.[4]

Here, the court is in no position to evaluate whether these factors apply, given Petitioner's vague motion.  Specifically, the court cannot evaluate the character of the testimony and the effect of granting the motion. Without knowing what new evidence Petitioner seeks to bring and without an explanation from Petitioner as to why or how this evidence was discovered, the court can make no determination regarding whether his excuse for failing to present the evidence is reasonable.

Accordingly,

IT IS THEREFORE ORDERED that Petitioner's Motion to Reopen Evidence (Doc. 24) is denied.

IT IS SO ORDERED.

Dated this 14th day of March, 2007, at Topeka, Kansas.

  s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[4]221 Fed. Appx. 795, 795 (10thCir. 2007)(citing *United States v. Coward*, 296 F.3d 176, 181 (3d Cir. 2002)).